### ALBERT B. REEVES v. SIMON O. HUCKINS.

One owning a life estate in an equity of redemption is entitled to redeem the life estate as against a remainderman, who has purchased a mortgage upon the whole estate, by paying the just proportion of the debt; and if the life estate be in part only of property the whole of which is subject to mortgage, the life tenant is bound to pay the interest and taxes according to the percentage of the whole estate that is represented by the part in which he has a life estate.

In determining the amount to be paid by such life tenant as a present liquidation of his obligation to the remainderman to thereafter discharge a part of the interest during the life estate, the probable duration of the remainderman's right to receive such interest is ordinarily determined according to the tables of mortality and the ordinary rules of discount; the proper rate of discount is to be found as a fact.

In such case, the costs of a foreclosure proceeding instituted before the purchase are to be apportioned ratably to the portion of the judgment for which each party is chargeable.

BILL IN EQUITY, to redeem the plaintiff's life estate in a farm. Facts agreed.

The plaintiff was the owner of the farm, subject to the mortgages in question, and conveyed it subject thereto. Upon the same day, and as a part of the same transaction, he took back a life lease of the farm, excepting the timber thereon. The holder of the mortgages began foreclosure proceedings, and was put into possession October 2, 1919. The defendant had acquired the title of the plaintiff's grantee, and on May 8, 1920, bought and took a conveyance of the foreclosing mortgagee's interest. The plaintiff offered to pay the defendant "his fair share" of the mortgage debt, interest, costs and taxes. The defendant refused to accept anything less than the full amount of those items, and thereupon the plaintiff filed this bill on September 14, 1920.

The questions of the extent of the plaintiff's rights, and the rules by which the amount of his liability is to be ascertained, were transferred without a ruling from the May term, 1921, of the superior court by *Allen*, J.

*Snow & Cooper*, for the plaintiff.

*Young & Cheney*, for the defendant.

PEASLEE, J. The questions to be decided in this case concern the rights and liabilities, as between themselves, of parties who each own a part of an equity of redemption. The unquestionable right of the mortgagee to demand the whole mortgage debt, if they or either of them should seek to redeem from him, is not involved. The owner of a part of the equity, having purchased the outstanding mortgage interest, now claims to succeed to all the mortgagee's rights, and to disregard his own liability and duty as between him and the plaintiff. Whether the defendant's purchase of the foreclosing mortgagee's rights should be treated as opening the foreclosure, so that his subsequent possession could not be treated as a continuation of the foreclosing one as against the plaintiff, need not be considered. Upon any possible view of the law the foreclosure was not complete at the time the plaintiff filed his bill. The holder of the mortgage interests had then been in possession less than a year. P. S., c. 139, s. 14. The purchase of the foreclosing mortgagee's rights by the remainderman

merely gave him the right, as against the life tenant, to claim contribution. He could not demand the whole mortgage debt, but only such part thereof as was justly due to him as between these parties. *Woods* v. *Wallace*, 30 N. H. 384; *Norris* v. *Morrison*, 45 N. H. 490. The case relied upon by the defendant (*Jewell* v. *Huckins*, 79 N. H. 153) is not in point. There was in that case no question of the effect of the mortgagee's conveyance to one ultimately liable for a part of the mortgage debt, nor of an offer to redeem before the foreclosure became complete.

The plaintiff being a life tenant, it was his duty to pay the taxes upon the property in which he held a life estate (*Bodwell* v. *Nutter*, 63 N. H. 446, and cases cited) and the interest upon any encumbrance upon the property. *Peirce* v. *Burroughs*, 58 N. H. 302. In this case the plaintiff has a life estate in a part only of property which is taxed as a whole, and the whole of which was subject to two mortgages. In such a situation the life tenant is bound to pay according to the percentage of the whole estate that is represented by the part in which he has a life estate. *Fellows* v. *Fellows*, 69 N. H. 339, 348. For example: if the farm without the timber and the timber without the farm were each worth $500, the plaintiff would be holden for one-half of the interest and taxes. As to these items, the division is to be made upon this principle.

The costs of the foreclosures should be apportioned ratably to the portion of the judgment for which each party is chargeable. They are incident to the whole proceeding, and this is the recognized rule for their apportionment. *Doe* v. *Thompson*, 22 N. H. 217; *Hayes* v. *Morrison*, 38 N. H. 90.

The remaining question relates to the sum to be paid by the plaintiff as a present liquidation of his obligation to hereafter keep down a part of the interest during the continuance of his life estate. If the mortgages were to continue as outstanding obligations, the plaintiff would have to pay his portion of the interest each year. In effect, he would be chargeable with an annuity to the defendant to the amount of such part of the interest. The probable duration of such right of the defendant is ordinarily determined by the use of the accepted tables of mortality. *Keniston* v. *Gorrell*, 74 N. H. 53. It having been agreed that the plaintiff has an expectancy of life of 17 years, it is unnecessary to consider whether the average expectancy might be found to be inapplicable, or might be modified, because of the state of the plaintiff's health. *Fifield's Adm'x* v. *Rochester*, 89 Vt. 329; Hoyt's Pro. Prac. 280.

The annual payment and the length of the term being thus determined, the present value is ascertained by the ordinary rules of discount. The rate per cent. at which the discount is to be made is to be found as a fact. The rule of law to be applied is that the rate should be such as will probably enable the defendant to invest the money as a reasonably prudent person would and receive on the investment the interest which is charged to him by way of discount. The proceeding is an equitable one, and the statutory rule of interest as damages, or upon contracts to pay interest where no rate is specified (P. S., c. 203, s. 1), is not controlling. "The equitable division . . . presented a question of fact for the decision of the superior court." *Keniston* v. *Gorrell, supra,* 55.

*Case discharged.*

SNOW, J., did not sit: the others concurred.